**Vivian WOOLFOLK, individually and on behalf of her minor child, Helen L. Woolfolk, and on behalf of all others similarly situated, by her mother and next friend, Ora Maxine Woolfolk, Appellee,**

**v.**

**Otis L. BROWN, individually and as Director of the Department of Welfare and Institutions, State of Virginia, et al., Appellants.**

**No. 71-1494.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1971.

Decided March 7, 1972.

Anthony F. Troy, Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen., Theodore J. Markow and William M. Phillips, Asst. Attys. Gen., and Harry W. Garrett, Jr., Commonwealth's Atty., Bedford County, on brief), for appellants.

Dennis Yeager, New York City (Douglas D. Broadwater, E. Richard Larson, and Mayer G. Freed, New York City, and John M. Levy, Legal Aid Society of Roanoke Valley, Roanoke, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

Appellees, recipients of Aid to Families with Dependent Children (AFDC) benefits, seeking relief under 42 U.S.C. § 1983, brought this class action[1] representing parents and their children eligible for such benefits under Virginia's AFDC program and subject to sections 221.4(E) and (F)[2] (hereafter "Virginia Work Rule") of the Virginia Manual of Policy and Procedure for Local Welfare Departments (hereafter "Virginia Welfare Manual"). They sought injunctive and declaratory relief against the enforcement of §§ 221.4(E) and (F), contending that those sections were in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and in conflict with the Work Incentive Program provisions of the Social Security Act, 42 U.S.C. §§ 601–609, 630 et seq.

A duly constituted three-judge district court heard oral arguments and remanded the case to the single-judge district court, having determined that the controversy basically involved an asserted federal-state statutory conflict rather than claims concerning substantive constitutional provisions. *See* Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L. Ed.2d 442 (1970); Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L. Ed.2d 194 (1965).

The district court 325 F.Supp. 1162, enjoined enforcement of §§ 221.4(E) and (F) and the superseding and virtually identical §§ 305.4(A) and (B) of the Virginia Welfare Manual, declaring those sections invalid as being in conflict with the Social Security Act.[3] We affirm.

I

Since 1935, Virginia has participated in the AFDC program established by the Social Security Act of that year. 49 Stat. 620, as amended, 42 U.S.C. §§ 301–1394. Through this program, states distribute grants[4] for the purposes of (1) "encouraging the care of dependent children in their own homes . . . to help maintain and strengthen family life," and (2) "furnish[ing] assistance and rehabilitation and other services, . . . to needy dependent children and the parents and relatives with whom they are living." 42 U.S.C. § 601. For the family unit to receive aid, the child must satisfy two basic federal requirements. First, it must, though living with a parent or other statutorily specified relative, be needy according to a standard of need established by the state, and second, be deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of one parent. 42 U.S.C. § 606.

The disputed sections constituting the Virginia Work Rule were adopted in May 1967 in order to encourage certain AFDC recipients to work in partial support of themselves. The Virginia Work

1. The original complaint was filed by Vivian Woolfolk; subsequently, the court permitted Rosetta, Gayle, and Vera Calloway to intervene.

2. In July of 1970, sections 221.4(E) and (F) were superseded by sections 305.4 (A) and (B) of the Virginia Welfare Manual; the district court, correctly, we think, found the new sections to be substantially identical to their predecessors except for the incorporation of child care requirements in the later sections.

3. The district court did not reach plaintiffs' equal protection and due process claims.

4. The major part of the cost of these grants is provided by the Federal Government if the state distributes such grants in compliance with standards set out in the Social Security Act.

Rule mandates that those AFDC beneficiaries, deemed able to work, who refuse suitable employment are. ineligible for further benefits. In case of such a refusal, the sanction of termination of *all* AFDC benefits, to parent and child alike, is imposed in order to stimulate motivation on the part of the parent to secure employment.

■ The 1967 amendments to the Social Security Act included provisions constituting the Work Incentive Program (hereafter "WIN") for AFDC recipients. Congress also hoped, through WIN, to curb the number of AFDC families by encouraging certain poverty level AFDC recipients to work and achieve economic independence. Pursuant to the WIN program all "appropriate"[5] persons receiving AFDC aid are referred to the Secretary of Labor for participation in that compulsory employment program. 42 U.S.C. § 602(a) (19). The Work Incentive Program provides for three types of mandatory work and training: (1) employment in the regular economy; (2) training for work in the regular economy; and, (3) publicly financed special work projects. 42 U.S.C. § 602(a) (4). An individual refusing to work after referral to WIN jeopardizes his own AFDC assistance only; aid to the entire family unit is not terminated.

## II

Appellants have not challenged the district court's ruling as applied to the specific factual circumstances of the named appellees, Vivian Woolfolk and the three Calloway sisters. Consequently, only a brief description of the appellees' involvement in this case is necessary.

Vivian Woolfolk and the intervening Calloway sisters were, prior to the initiation of this litigation, mothers of preschool age children and together with their children were receiving AFDC benefits. Each mother was offered, and turned down, work as a domestic.[6] Thereafter, AFDC aid to each mother *and* her children was terminated under the Virginia Work Rule due to the respective mother's refusal to accept the proffered employment; this action resulted.

## III

■ Appellants contend that the Virginia Work Rule is not in conflict with WIN since it applies to an individual only in the event that the WIN program has proved inapplicable to said individual when: (1) he has been found inappropriate for referral; or, (2) has been referred to WIN but has become ineligible for that program by either rejecting suitable employment or being found by the Secretary of Labor to be not employable or trainable. This court is unpersuaded and we agree with the district court that by adoption of the Work Incentive Program Congress intended to preempt work rules for those in the federally assisted AFDC category since

> The thrust of the congressional approach—comprehensive regulation of the relation between the state and the beneficiary, a full range of programs designed to be of substantial permanent benefit to the individual, specificity as to those activities which the recipient must undertake lest sanctions be imposed, and limitation of sanctions to particular classes of recipients—is inconsistent with the continued application, as in these cases, of a state work rule which attempts to relieve the burden of welfare costs and place the recipient in employment

5. Appellants maintain that the Virginia Work Rule applies basically to those individuals deemed "inappropriate" for referral to WIN. However, scrutiny of congressional records reveals that Congress did not intend that "inappropriate" persons should be compelled to work in any way.

6. It is far from clear that the four named appellees were found inappropriate for referral to WIN prior to the application to their cases of the Virginia Work Rule.

in an imprecise and summary fashion. Woolfolk v. Brown, 325 F.Supp. 1162 at 1170 (E.D.Va.1971).

Further, we are persuaded that the district court correctly held, *inter alia,* that the Virginia Work Rule is directly in conflict with the WIN sections of the Social Security Act in that it applies to those deemed inappropriate for referral to WIN and provides, upon refusal of employment by an AFDC beneficiary, for termination of payments to the entire family unit rather than merely to the recipient turning down employment. Accordingly, we affirm on the basis of the district court's opinion. Woolfolk v. Brown, 325 F.Supp. 1162 (E.D.Va.1971).

Affirmed.