Jane **DOE**

v.

William L. **LUKHARD** et al.

**Civ. A. No. 162–73–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 30, 1973.

John M. Levy, Richmond, Va., for plaintiff.

Stuart Dunn, Karen C. Kincannon, Asst. Attys. Gen. of Va., John R. Haymes, Asst. City Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Jane Doe is a young, unmarried woman, who at the time this suit was commenced was in her sixth month of pregnancy. She brings this action on behalf of herself and her unborn child and on behalf of all women whose pregnancies have been medically determined, and their unborn children, against the defendant state and local welfare administrators seeking injunctive and declaratory relief. Jurisdiction is alleged by virtue of 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1343(3) and (4), 28 U.S.C. Sec. 2201 and 2202. The parties are presently before the Court pursuant to defendants' motions to dismiss and for summary judgment and plaintiff's cross-motion for summary judgment. The parties have submitted respective memoranda

and waived oral argument so that the matter is now ripe for disposition.

The facts are not in dispute. The Social Security Act, 42 U.S.C. Sec. 601 et seq., established the Aid to Families with Dependent Children (AFDC) program which provides *inter alia* for payments to a " 'dependent child' . . . who has been deprived of parental support or care by reason . . . (of) continued absence from the home . . . of a parent." 42 U.S.C. Sec. 606(a). The major funding of AFDC is provided by the federal government and it is administered at a local level by a cooperating state. See Woolfolk v. Brown, 358 F. Supp. 524 (E.D.Va.1973). The Commonwealth of Virginia has elected to participate in AFDC, Va.Code Sec. 63.-1–105.[1]

Under federal regulations, funding is available for unborn children when pregnancy is medically established in a woman otherwise eligible for these benefits. Virginia does not, however, provide benefits. The precise issue raised in this matter, therefore, is whether the Virginia policy is violative of the Supremacy Clause of the Constitution or of the Equal Protection Clause of the Fourteenth Amendment by virtue of frustrating the federal AFDC program.

As a preliminary matter, the City defendants have challenged the Court's jurisdiction. The gravamen of that challenge is that the Court is without Sec. 1343 jurisdiction because plaintiff allegedly does not have a claim upon the merits. This assertion is erroneous: The question of jurisdiction exists wholly apart from the merits and must be, where appropriate, addressed separately, Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

While satisfied that jurisdiction exists, there is however a jurisdictional issue to which the Court feels obligated to address itself in some detail. Title 42 U.S.C. Sec. 1983 provides a cause of ac-

1. Under Virginia law, the prior federal name of the program, Aid to Dependent Children (ADC) has been retained. The Court, for the purpose of consistency, will hereafter identify the program by its federal initials, AFDC.

tion to any person who under color of state law is deprived of a right, privilege or immunity secured by the Constitution or federal law. Title 28 U.S.C. Sec. 1343(3) provides the jurisdictional basis for asserting a Sec. 1983 claim, but the language in Sec. 1343 is limited to a claim arising under the Constitution or federal law "providing for equal rights of citizens . . ." There is a latent question, therefore, whether district court jurisdiction over Sec. 1983 claims is confined solely to those claims challenging a denial of equal rights by virtue of the limiting phrase in Sec. 1343.

■ The United States Supreme Court has held that, in effect, Sec. 1983 claims are not jurisdictionally limited to equal rights challenges when the source of the grievance is founded in a right guaranteed by the Constitution itself. Lynch v. Household Finance Corp., 405 U.S. 538, 543 n. 7, 92 S.Ct. 1113, 31 L. Ed.2d 424 (1972). Accordingly, "despite the different wording of the substantive and jurisdictional provisions, when the Sec. 1983 claim alleges constitutional violations, Sec. 1343(3) provides jurisdiction and both sections are construed identically." Lynch, supra. The question remains, however, whether identical construction is given when the Sec. 1983 claim is based upon rights or privileges secured by federal law rather than the constitution. See note, Federal Judicial Review of State Welfare Practices, 87 Col.L.Rev. 85, 111–115 (1967).

The issue has been addressed infrequently, by and large because other jurisdictional bases may be present which render the question academic.[2] Several courts have overcome the problem by reading Sec. 1343 or its predecessor broadly, see Bomar v. Keyes, 162 F.2d 136 (2d Cir. 1947). See also Hart and Wechsler, Federal Courts and the Federal System (1973) at 961.

■ Despite the not insubstantial question surrounding this issue, the Court, as heretofore stated, is satisfied that it does have jurisdiction over this matter. First, plaintiff asserted that the challenged AFDC policy denies her equal Protection of the laws. While the disposition of this case may not turn on constitutional grounds, the Court nevertheless concludes that this constitutional claim is sufficiently colorable to invoke jurisdiction under Sec. 1343 in accordance with the principles of Lynch, supra. The Court will further consider the federal statutory claim by virtue of its pendent jurisdiction. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Secondly, the United States Court of Appeals for this circuit accepted, without comment, jurisdiction pursuant to Sec. 1983 of another similar challenge to the state AFDC program on the basis of preemption in Woolfolk v. Brown, 456 F.2d 652 (4th Cir. 1972). This Court construes that unarticulated acceptance of Sec. 1983 (and Sec. 1343) jurisdiction as conclusive of the Court of Appeals approval of same as a proper jurisdictional basis for claims of preemption despite the limiting language of Sec. 1343. Finally, the Court interprets the afore-cited spirit and language of Lynch as indicative of the correctness of this result. See also Wilson et al. v. Weaver, Director, Illinois Dept. of Public Aid, et al., 358 F.Supp. 1147 (N.D.Ill.1973), Harris et al. v. Mississippi State Dept. of Public Welfare, et al. (N.D.Miss. August 15, 1973).

■ The Court sua sponte raises the further question of mootness. Although no class declaration has been entered herein, the Court concludes that plaintiff's claim will not be rendered moot by virtue of the birth of her child.[3] See Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), holding that the short gestation period of pregnancy

---

2. For example, federal question jurisdiction, 28 U.S.C. Sec. 1331 (not present here by virtue of the failure of plaintiff to satisfy the $10,000 amount in controversy requirement), or commerce clause jurisdiction, 28 U.S.C. Sec. 1337, also lacking here.

3. Delivery was expected in August, 1973. The Court has not been apprised of the termination of pregnancy by birth or miscarriage.

should not unjustly prevent prosecution of a claim otherwise capable of repetition. Additionally, Ms. Doe's claim for award of past benefits remains viable.

■ Turning to the merits, the Court notes first that state policy excludes AFDC benefits for unborn children. The state policy directive is contained in Bulletin #281 (6/13/56), Exhibit A to plaintiff's memorandum of March 29, 1973 and reads in pertinent part as follows:

### REVISION OF POLICY ON UNBORN CHILDREN IN ADC

The State Board of Welfare and Institutions at its meeting on May 8, 1956 rescinded the current provision permitting the granting of ADC in behalf of an unborn child.

Effective immediately, no assistance grant may be initiated for an unborn child and such a child may not be added to the count of children eligible for the purpose of Federal reimbursement. This policy does not apply in the case of an unborn child now included in the count of eligible children. The child now thus included may continue to be counted as long as his status remains the same.

The question before the Court is whether this state policy frustrates the intent and design of Congress with respect to these benefits. The Social Security Act does not by its language specifically provide for the inclusion of unborn children and 42 U.S.C. Sec. 606(a) which defines "dependent child", is silent with respect to same. Legislative history contemporaneous with the passage of the Act is not helpful.

Nevertheless, administrative history of implementation of the Act by the Department of Health, Education and Welfare (HEW) and its predecessors reveals that since at least 1941 payments have been authorized for unborn children.[4] See Wilson v. Weaver, *supra*, (N.D.Ill.1973). The present HEW interpretation is codified in the Code of Federal Regulations, which reads as follows:

45 CRF Sec. 233.90

(2) Federal financial participation is available in:

\*    \*    \*    \*    \*    \*

(ii) Payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis;

The essence of this latest published interpretation is that payment of AFDC benefits to unborn children is optional to those states wishing to provide such coverage. See Memorandum of the United States as *Amicus Curiae* in Murrow v. Clifford, (4/13/73) Civil No. 114–73 (D.C.N.J.), [attached as Exhibit II to defendant Ross's Memorandum dated 7/17/73.]

The aforecited HEW interpretation is significant here by virtue of the well-settled rule that

(T)he construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong, especially when Congress has refused to alter the administrative construction. Red Lion Broadcasting v. F.C.C., 395 U.S. 367, 381 [, 89 S.Ct. 1794, 23 L.Ed.2d 371] (1969) (Footnotes omitted); See also Lewis v. Martin, 397 U.S. 552 [, 90 S.Ct. 1282, 25 L.Ed.2d 561] (1970), Griggs v. Duke Power Co., 420 F.2d 1225, 1234 (4th Cir. 1970).

Within this context, plaintiff argues that the HEW interpretation of "dependent child" as including unborn children is entitled to substantial weight, but that HEW's allowance of state variations is incorrect and violative of the Social Security Act. In support of this

4. See Bureau of Public Assistance, State Letter No. 43, (12/2/44). See also Handbook of Public Assistance Administration, Part IV, Sec. 3412 (1946). Both sources provide for payments for unborn children. Discussion *infra*.

contention plaintiff relies on a trilogy of Supreme Court cases.

The first of the trilogy is King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). In *King*, the Supreme Court held that an Alabama law which defined "parent" for AFDC purposes in a manner inconsistent with the Social Security Act was violative of the Supremacy Clause. In so ruling, the Court noted that the case did not involve the state's considerable latitude in setting certain standards and making certain allocations left free to the states by statute. 392 U.S. at 318, 88 S.Ct. 2128. The gravamen of the ruling, therefore, was that the state could not alter the federal statutory definition of the term "parent", thereby altering federal eligibility standards.

The second case is Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L. Ed.2d 448 (1971). In *Townsend* the Court held invalid Illinois policy which denied AFDC funds to children attending college. The Court noted initially:

> Thus, King v. Smith establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause. We recognize that HEW regulations seem to imply that States may to some extent vary eligibility requirements from federal standards. However, the principle · that accords substantial weight to interpretation of a statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent

with the requirement of § 402(a)(10) that aid be furnished "to *all eligible* individuals." (Emphasis supplied.) King v. Smith, 392 U.S., at 333 n. 34 [, 88 S.Ct. 2128] (Footnote Omitted) 404 U.S. at 286, 92 S.Ct. at 505.

The Court further stated that it found no basis for concluding that the Congress intended for states to vary the eligibility requirements for 18–20 year olds on the basis of schooling and therefore, that the Illinois variance was void by virtue of the Supremacy Clause.

Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972), the third of the trilogy, held that California could not, absent Congressional authorization, treat husbands on military service as not absent, which treatment would disqualify the family unit for AFDC benefits. The Court agreed with HEW that under the Act a parent may be absent for any reason. Concluding that Congressional authorization was lacking, the Court held that the California variance on eligibility requirements was void.[5]

▮ Plaintiffs assert, and the Court agrees, that the gravamen of these cases is that a state may not deny AFDC benefits to persons eligible under the Social Security Act by changing the definition, in contravention of federal law, of eligibility. Further the Court concludes that under the trilogy rulings the burden is on the state to show that Congress evidenced an intent, either in the statute or in legislative history, to allow states to vary the eligibility requirements in question. See Green v. Stanton, Civil No. 73F–19 (N.D.Ind. 7/2/73). Plaintiffs assert further, however, that under the principles of these decisions HEW cannot on the one hand state that unborn children are eligible and on the

5. A recent decision, New York State Dep't of Social Services v. Dublino, 413 U.S. 405, 93 S.Ct. 2507, 37 L.Ed.2d 688 (1973) does not alter the trilogy rule. In Dublino the Supreme Court held that the WIN program was not intended by Congress to preempt state work rules. While the case was remanded for further consideration as to whether the New York work rule did in fact conflict with WIN, the Court reaffirmed the trilogy holding that states may not exclude from AFDC benefits those eligible under the Social Security Act, 93 S.Ct. at 2516. See generally Woolfolk v. Brown, 358 F. Supp. 524 (E.D.Va.1973).

other hand allow states the option to, in effect, disregard this interpretation by excluding unborns. The essence of this argument is that unborn children are either eligible under federal law or they are not, and if they are so eligible, pursuant to the trilogy of cases, the state cannot deny eligibility.

Four District Courts that have recently considered this issue agree with the plaintiff. In Wilson v. Weaver, 358 F. Supp. 1147 (supplemental opinion) (N. D.Ill.1973) [Appendix I to plaintiff's brief of 6/21/73], the District Court noted first the principle of the Supreme Court trilogy, *supra*, that a state may not alter AFDC eligibility requirements unless Congress has clearly authorized said alteration in the Social Security Act or expressed its intent in that regard in legislative history. In this context, the Court noted that nothing in the Act or legislative history excluded unborn children from AFDC benefits.[6]

■ Turning to HEW's argument that unborn child coverage is optional, the Court noted that the gravamen of HEW's argument is that 42 U.S.C. Sec. 602 which sets forth procedural guidelines for administering AFDC at the state level, is mandatory on the states while 42 U.S.C. Sec. 606, wherein dependent child is defined, is not. The *Wilson* court concluded that this interpretation is nowhere authorized in the Act or legislative history.[7] This Court agrees and concludes further, that this very approach is prohibited by the rule of the Supreme Court trilogy, *supra*. A second District Court, in Green v. Stanton, Civil No. 73–F.19 (N.D.Ind. 7/2/73), was in complete accord with the reasoning and result of *Wilson,* as was Judge Smith in Harris v. Mississippi State Department of Public Welfare, et al., *supra* (N.D.Miss. August 15, 1973). A District Court decision in a case reported August 29, 1973, 42 L.W. 2111, styled Alcala v. Burns (S.D.Iowa) holds, as does this Court, that since coverage for unborn children is contemplated by the Social Security Act, a state may not enforce more strict eligibility requirements than those in the federal statute.

A fifth District Court in Parks v. Harden, 354 F.Supp. 620 (N.D.Ga.1973), reaches a contrary result. The gravamen of the Parks decision is that legislative history neither supports nor contravenes the granting of AFDC benefits to unborn children. In the absence of clear Congressional intent, the Court there afforded great weight to the HEW policy in its entirety and permitted the optional policy to stand. This Court, however, for the reasons stated *supra* and in the cases heretofore cited, respectfully declines to accept this result in view of the rule of the Supreme Court trilogy. In short, the Court agrees with plaintiff that unborn children are either eligible under Sec. 606 or they are not, and if they are, the state cannot at its option choose to disregard same. See Townsend v. Swank, 404 U.S. at 286, 92 S.Ct. 502 (language recited *supra*). For this reason, the optional feature of HEW policy is not entitled, in this Court's view, to the weight ascribed to it by defendants.

As the present defendants and the *Parks* court note, it appears anomolous to rely on HEW interpretation of eligibility but not on HEW interpretation of the optional nature of the program. The issue would be far simpler if it could be stated that HEW or its prede-

---

6. In its earlier opinion of 12/26/72 the District Court noted that unborn children are eligible pursuant to HEW regulations, 45 CFR Sec. 233.90(c).

7. The District Court noted that, while legislative history contemporaneous with the Act is not helpful, the last Congress recognized the prevailing interpretation of Sec. 606 as including the unborn when amendments were proposed to prohibit payments to same. Pub.Law 92–603, 86 Stat. 1329. These amendments were not passed. Defendant Lukhard asserts that the defeat of this measure is supportive of HEW's optional approach. Whether same is indeed supportive of HEW's policy or of plaintiff's position that benefits are mandatory in view of the trilogy is unclear.

cessors have since 1941 considered unborn children eligible but recently adopted its optional policy, yet that does not appear to be the case. The unborn child inclusion resulted from the waiver in 1941 of an audit exception to the state of Wisconsin's payment of AFDC benefits to unborn children. Wisconsin had paid such benefits as part of its pre-existing state welfare programs. When federal auditors objected to the payments, the Director of Public Assistance recommended that "federal participation . . . be extended on behalf of unborn children within the scope of aid to dependent children." A formal Board meeting of July 15, 1941 determined that similar audit exceptions as might arise in other states would also be waived. See *Parks, supra,* 354 F.Supp. at 625, n. 5. The nonmandatory tone of this policy determination was restated in State Letter No. 43 of the Social Security Board, 12/2/44, which reads at page 9:

> F. Payments on Behalf of an Unborn Child
>
> When the mother's pregnancy has been determined by medical diagnosis, Federal Matching may be claimed for payments made on behalf of the unborn child.

The genesis of the present HEW policy is clear from the foregoing. Nevertheless, the Court is satisfied for the reasons above stated that the optional policy is inappropriate and not authorized by law. It is of course impossible to determine whether HEW or its predecessor would have, had it had the benefit of the principles of the Supreme Court trilogy, initially ruled that an unborn child is a child for purposes of Sec. 606. Nevertheless, Sec. 603 provides that the federal government may match pay-

ments made only to eligible individuals, and it is a logical inference that the administrative policy is founded on the underlying determination that unborn children are eligible pursuant to Sec. 606 (a). It is clear, in fact, that, as plaintiff asserts, "HEW is obviously trying to have it both ways; to justify its interpretation of the word child and to allow states the option of disregarding its interpretation."[8] Plaintiff's reply brief at p. 2. Said option is proscribed by the principles of the Supreme Court trilogy and cannot be ratified here.

In summary, the Court accords deference to the long standing administrative determination that an unborn child is eligible for AFDC benefits. It declines to honor the optional feature of this administrative policy, which under the standards of the Supreme Court trilogy, is violative of Sec. 606 and Sec. 603 of the Act. HEW and its predecessors have adopted the underlying determination that unborn children are eligible under the Social Security Act; the state may not in violation of the Supremacy Clause prescribe to the contrary.[9]

## RELIEF

No class determination has as yet been entered herein. The Court first notes that the burden is upon the plaintiff to prove that class relief is appropriate. Carracter v. Morgan, No. 71–2175 (4th Cir. 7/13/73). While plaintiff has not introduced evidence specifically denoting that class relief is appropriate as to all issues involved herein, the undisputed facts of this litigation nevertheless suggest that this matter undoubtedly is ripe for class determination as to the principal issue of whether the policy of defendants denying AFDC to unborn children and their

---

8. This may be restated in another way: If HEW is asserting that unborn children are eligible but states may disregard eligibility, then that theory is proscribed by the Supreme Court trilogy and void. If HEW is asserting that unborn children are really not eligible but that payments will be made any-

way, then that policy is violative of Sec. 603 of the Act.

9. While the Court entertains serious doubt as to the validity of the application of the HEW position under the Equal Protection Clause, it need not reach that issue in view of the present disposition of this action.

mothers is invalid as the Court has concluded.

While the record is devoid of the number of members of the class, it is obvious that joinder of each would be impracticable; that questions of law and fact common to the class are present as to the principal issue; that the instant plaintiff has fairly and adequately protected the interests of the class as to same; the defendants have maintained their violative policy on grounds generally applicable to the class; and as to an adjudication concerning that policy the class action is superior to other available methods of fair and efficient adjudication. Accordingly, pursuant to Rule 23(a), (c) the Court determines the action to be maintainable as a class action solely with respect to the principal issue aforementioned. As to the issue of recovery of benefits retroactively the Court declines to grant class relief for reasons well stated in Green v. Stanton, *supra*:

> On the other hand, this court finds such an order inappropriate with respect to the class as a whole. The defendants here have acted in good faith reliance upon HEW's interpretation of the applicable federal standards and with HEW's express approval. In this regard, this court is well aware of the impact of this decision and others like it upon the welfare administrators of this state who are charged with the dual responsibility of distributing limited state funds while at the same time attempting to stretch those funds to comply with federal AFDC standards. Faced with a multitude of mandatory federal requirements, defendants have understandably declined to make payments such as those involved here where HEW has characterized them as optional. Thus, while this court cannot avoid its responsibility to interpret and enforce federal law as found in the Social Security Act, the regulations issued thereunder, and decisions of the Supreme Court, it recognizes the burden which "cooperative federalism"

places on state officials and state funds. An award of retroactive benefits to all members of plaintiffs' class would add a punitive or deterrent element of relief not warranted by the facts of this case.

Plaintiff may, of course, still pursue her personal claim for retroactive benefits. The major obstacle in that regard is whether such relief is barred by the Eleventh Amendment. This Court and others have dealt previously with similar Eleventh Amendment problems, see e. g. Herndon v. Superintendent, 351 F.Supp. 1356 (E.D.Va.1972), Jordan v. Weaver, 472 F.2d 985 (7th Cir. 1973). Those past and further efforts may, however, be rendered moot as the question is now before the United States Supreme Court in Jordon v. Edelman, No. 72–1410. Accordingly, the Court, in the interest of judicial economy, will retain this matter on its docket pending the outcome of *Jordon.*

An order consistent with this memorandum shall issue.

## ORDER

In accordance with the memorandum this day filed, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that:

1. Defendant Lukhard's motion for summary judgment is hereby denied.

2. Defendant Ross's motion to dismiss is hereby denied.

3. This action is maintainable as a class action solely with respect to the request for declaratory and injunctive relief.

4. It is declared that the Virginia policy as contained in Bulletin #281 whereby the Commonwealth declines to grant AFDC benefits for unborn children is violative of the Social Security Act, 42 U.S.C. §§ 601–644, the Supremacy Clause of the United States Constitution and is accordingly invalid.

5. That during such period as the State of Virginia shall continue to participate in the joint program authorized

by Title IV of the Social Security Act, 42 U.S.C. §§ 601–644, defendants, their agents, servants, employees and all acting in concert with them, be, and they are hereby, enjoined from refusing to grant AFDC benefits to plaintiff and other members of her class solely because the applicant's child is not yet born.

6. That the defendants shall within ten (10) days hereof forward a directive to all appropriate welfare departments in the Commonwealth of Virginia directing them to comply with the provisions of this order.

7. This matter shall be retained on the Court's docket for further consideration of the question of damages in accordance with the memorandum.

Let the Clerk send copies of the memorandum and this order to all counsel of record.