**Jane DOE, on her own behalf, and on behalf of her unborn child and on behalf of all others similarly situated, Appellee,**

**v.**

**William L. LUKHARD, Director of the Department of Welfare and Institutions, Appellant.**

**No. 73–2179.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1973.

Decided Feb. 26, 1974.

Stuart H. Dunn, Asst. Atty. Gen., of Virginia (Andrew P. Miller, Atty. Gen., of Virginia, Karen C. Kincannon, Asst. Atty. Gen., of Virginia, on brief), for appellant.

John M. Levy, Richmond, Va. (Louis A. Sherman, Neighborhood Legal Aid Society, Inc., Richmond, Va., on brief), for appellee.

Nicholas A. Spinella, Richmond, Va. (Joseph V. Gartlan, Jr., Washington, D. C., Spinella, Spinella & Owings, Rich-

mond, Va., on brief), for amicus curiae Most Reverend Walter F. Sullivan, Apostolic Administrator of the Catholic Diocese of Richmond, Virginia.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

In a class action, plaintiff, an unwed, expectant mother, instituted suit, on behalf of herself and her unborn child and on behalf of all other expectant mothers and their unborn children, against Virginia state and local welfare administrators. The basic objective of the suit was to obtain for unborn children the benefits under the Aid to Families with Dependent Children (AFDC) program, established under the Social Security Act, 42 U.S.C. § 601 et seq., to which they would be entitled had they been born. Benefits to unborn children are authorized, but not required, by federal regulation, 45 C.F.R. § 233.90(c)(2)(ii). The regulation gives states participating in the aid program the option to extend benefits for unborn children, and Virginia has declined the option. Bulletin No. 281, June 13, 1956, Virginia State Board of Welfare and Institutions.[1]

It was alleged that the suit was brought under 42 U.S.C. § 1983, with jurisdiction vested in the district court under 28 U.S.C. § 1343(3) and (4). Specifically, plaintiff claimed that (a) she and the members of the class she represented were denied equal protection of the laws because the Virginia policy denied AFDC to unborn children and their mothers but granted it to all other children and their mothers, and (b) the Virginia policy was contrary to the Social Security Act, and regulations thereunder, and was therefore invalid under the supremacy clause of the Constitution of the United States.

The district court, sitting as a single-judge court, held that it had jurisdiction of the action and that, as a matter of statutory interpretation, plaintiff was entitled to relief, because the Virginia "policy" was in conflict with the Act, as interpreted by the Secretary of HEW and, under the supremacy clause, the Act prevailed. We agree that the district court had jurisdiction. We think that the district court had jurisdiction to proceed as a single-judge court to decide the case on a non-constitutional ground, and we agree with the district court's disposition of the case on the merits. We therefore affirm.

I.

The appeal presents two questions of jurisdiction: did the district court have jurisdiction of the subject matter, and did the district court, sitting as a single-judge court, have jurisdiction to decide the case on the merits, on nonconstitutional grounds, without there being convened a three-judge court as provided in 28 U.S.C. § 2281 et seq.?[2]

The district court placed its holding that it had subject matter jurisdiction upon the dual grounds that (a) plaintiff had alleged a colorable claim of denial of equal protection within the scope of 42 U.S.C. § 1983, the court had jurisdiction to decide the claim under 28 U.S.C. § 1343(3), and the court therefore had jurisdiction to pass upon the statutory claim under the doctrine of pendent jurisdiction and (b) plaintiff's statutory claim alleged that Virginia's policy de-

1. Prior to May 8, 1956, Virginia's State Board of Welfare and Institutions permitted unborn children to be considered in granting benefits under the Aid to Dependent Children program (the predecessor of AFDC). The record does not establish, however, how long the previous policy had existed.

2. The latter question is one raised by us on appeal; it was not raised by the parties. Although plaintiff sought a declaration that the Virginia policy was invalid and in violation of the equal protection clause and an injunction against enforcement of the policy for that reason, she did not suggest that a three-judge court was required. We required the parties to file supplemental briefs on the question after oral argument. In those briefs, plaintiff and the amicus contend that the district judge proceeded properly; defendant concludes that the judgment should be vacated and the case remanded to a three-judge court for decision.

prived her, under color of state law, of a right secured by a federal law—the Social Security Act—in violation of § 1983, and that such a claim was within the jurisdictional grant of 28 U.S.C. § 1343(3). Woolfolk v. Brown, 456 F.2d 652 (4 Cir. 1972) was cited as support for the conclusion that rights and benefits created by the Social Security Act were within the ambit of protection afforded by 42 U.S.C. § 1983.

█ We agree that plaintiff alleged a *colorable* claim of denial of equal protection, even though it may be doubted that ultimately this theory would prove to be meritorious. See Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L. Ed.2d 491 (1970); Roe v. Wade, 410 U. S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).[3] With the colorable claim under 42 U.S.C. § 1983 present, the district court unquestionably had subject matter jurisdiction to decide the claim of statutory preemption under its pendent jurisdiction.

We do not decide whether the incompatibility of a state law with the Social Security Act is a violation of 42 U.S.C. § 1983, or, even if it is, whether the district court had subject matter jurisdiction over a claim of such a violation under 28 U.S.C. § 1343(3) or (4). Those are questions which presumably will be answered when the Supreme Court decides Hagans v. Wyman, 471 F.2d 347 (2 Cir. 1973), a case for which certiorari was granted in Hagans v. Lavine, 412 U.S. 938, 93 S.Ct. 2784, 37 L.Ed.2d 396 (1973). The district court's holding that a violation of the Act would consti-

tute a violation of 42 U.S.C. § 1983 raises the troublesome question of whether a grant-in-aid program, in which a state is not obliged to participate, "secures" a right, privilege or immunity within the meaning of § 1983. See Note, Federal Jurisdiction Over Challenges to State Welfare Programs, 72 Col.L.R. 1404, 1420–21 (1972). The district court's further holding that it had jurisdiction of any violation of § 1983 under 28 U.S. C. § 1343(3) or (4), raises another equally troublesome question of whether the reach of § 1983 protection and § 1343(3) and (4) jurisdiction are coterminous since § 1983 purportedly creates liability for the deprivation of rights secured by federal *"laws,"* but § 1343(3) grants jurisdiction to redress only rights secured by "any Act of Congress providing *for equal rights of citizens . . . ."* and § 1343(4) grants jurisdiction to redress rights "under any Act of Congress providing for the protection of *civil rights,* including the right to vote." (emphasis added). See Lynch v. Household Finance Corp., 405 U.S. 538, 543–44 n.7, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). However, despite the district court's contrary conclusion, we do not think that either question was decided *sub silentio* by us in Woolfolk v. Brown, supra.

The principal jurisdictional question, as we see it, is whether the district court, sitting as a single-judge court, was authorized to decide the case, on non-constitutional grounds, without there first being convened a three-judge court.[4] The statute, 28 U.S.C. §§ 2281

---

**3.** *Roe* suggests that the status of a foetus as a person for purposes of the equal protection clause may be sufficiently different from a child who is born so that the "rational basis" test of *Dandridge* may permit different treatment.

**4.** Plaintiff seeks to avoid the issue by arguing that what is attacked on constitutional grounds is a mere "policy" of Virginia, statewide in application, not to afford AFDC benefits with respect to unborn children. Wilson v. Weaver, 358 F.Supp. 1147, 1150 (N.D.Ill.1973) (alternate holding) is

cited in support. Although only a written statement of policy of Virginia's State Board of Welfare and Institutions, we think the statement indistinguishable from a "regulation," and since the policy is statewide in effect, an adjudication of its facial invalidity on constitutional grounds, coupled with injunctive relief, would require a three-judge court. Bd. of Regents v. New Left Education Project, 404 U.S. 541, 92 S.Ct. 652, 30 L.Ed.2d 697 (1972). See also Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249 (1940).

and 2284, directs that, in an action to restrain enforcement of a state statute on the ground of unconstitutionality, "[t]he district judge to whom the application . . . is presented . . . shall *immediately* notify the chief judge of the circuit," who shall designate a three-judge court "to hear and determine *the* action . . . ." (emphasis added). § 2284(1). Florida Lime & Avocado Growers v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960) holds that a three-judge court is required when an injunction may be granted on grounds of federal unconstitutionality even though there is also a statutory non-constitutional ground for relief, and that the three-judge court has jurisdiction over all grounds of attack on the state statute. *Florida Growers*, 362 U.S. at 76–77, 84, 80 S.Ct. 568. *Compare* Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). It may therefore be properly argued that, in such a case, not only is a three-judge court required to be convened, but also that the *three-judge court* must decide all issues presented in the litigation.

■■ However, once convened in a proper case, a three-judge court has an obligation to decide a case on non-constitutional grounds where they are dispositive of the litigation and to avoid the constitutional issue which provided the justification for convening the special court. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); Wyman v. Rothstein, 398 U.S. 275, 90 S.Ct. 1582, 26 L.Ed.2d 218 (1970). See also Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972), and Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971). But where the constitutional claim which served as the basis for convening the three-judge

court has become moot or is decided in favor of the constitutional validity of the statute, the three-judge court may properly remand the non-constitutional questions to a single judge for final determination. Rosado v. Wyman, 397 U. S. at 403, 90 S.Ct. 1207.

■ Admittedly, the Supreme Court has never passed on the validity of the procedure followed in the instant case— the converse of that approved in *Rosado*. Here, the single judge decided and finally disposed of the case on non-constitutional grounds, pausing only to determine that the constitutional claim had sufficient substance to give the district court subject matter jurisdiction over the pendent statutory claim. Finding the constitutional claim at least colorable, he did not ask that a three-judge court be convened, and thus there was no three-judge court in existence to authorize him to decide the non-constitutional question as a single judge.[5]

We do not think that the procedure followed by the district judge provides any basis on which to disturb plaintiff's judgment. Especially is this so because, as we discuss later, we think that he correctly decided the case on its merits.

■ As pointed out in *Rosado*, the fact that a complaint alleges a claim of unconstitutionality, which Congress has determined should be heard in the first instance by a district court composed of three judges, does not mean that the district court, as a single-judge tribunal, lacks jurisdiction over the case:

> Jurisdiction over federal claims, constitutional or otherwise, is vested, exclusively or concurrently, in the federal district courts. Such courts usually sit as single-judge tribunals. While Congress has determined that certain classes of cases shall be heard in the first instance by a district court composed of three judges, that does not mean that the court qua court loses all

---

5. We infer from the record that the district judge proceeded alone through mere inadvertence. The complaint did not ask that a three-judge court be convened; and the sur-

prise of counsel, when we raised the question during argument on appeal, would indicate that little or no consideration had been given to the question.

jurisdiction over the complaint that is initially lodged with it. To the contrary, once petitioners filed their complaint alleging the unconstitutionality of § 131–a, the District Court, sitting as a one-man tribunal, was properly seised of jurisdiction over the case under §§ 1343(3) and (4) of Title 28 and could dispose of even the constitutional question either by dismissing the complaint for want of a substantial federal question . . . or by granting requested injunctive relief if "prior decisions [made] frivolous any claim that [the] state statute on its face [was] not unconstitutional." Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512, 514, (1962).

397 U.S. at 402–403, 90 S.Ct. at 1212–1213.

*Rosado* thus rejected the proposition that 28 U.S.C. § 2281 deprives a single district judge of subject matter *jurisdiction* over a constitutional claim for injunctive relief against the enforcement of a state statute. See 397 U.S. at 402 n. 2, 90 S.Ct. 1207. Section 2281 only limits a single district judge's remedial power in such a case. He may not grant injunctive relief against the enforcement of a statute, upon his own determination of the merits of the constitutional claim, in the ordinary case, but he may do so if the claim that the statute is valid is frivolous. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). Certainly he has subject matter jurisdiction over the constitutional claim for the purpose of establishing his subject matter jurisdiction over a pendent claim. Where, as here, the single district judge's power to grant relief on the pendent claim is unaffected by § 2281, we perceive no barrier to his adjudicating it; he had both subject matter jurisdiction and remedial power over it.

The only remaining question is whether the converse of the procedure approved in *Rosado* is improper from the standpoint of maximum efficiency in the operation of the federal judicial system.

■ Although the procedure followed in the instant case does minimize the burden of three-judge courts on the judges of the lower federal courts in most cases, it may bring about an additional burden on the Justices of the Supreme Court, and it may cause lower federal judges to decide constitutional questions unnecessarily. For these reasons, we disapprove it. A three-judge court, properly convened, is obliged to decide the case before it on non-constitutional grounds if they are dispositive of the litigation. Minds may well differ on the merits of non-constitutional, as well as constitutional contentions. If a single judge undertakes to decide the non-constitutional questions before a three-judge court is convened and it later develops that the three-judge court must be convened, that court would be restricted from carrying out its obligation to decide the case on non-constitutional grounds. While in most cases the restriction would be of little moment, if the two judges designated to sit with the originating judge doubted the correctness of his decision of non-constitutional questions, they would be powerless to correct his incorrect result. They lack authority to act as a truncated court of appeals and reverse him. Their only course would be to decide a constitutional question that they saw no need to reach. The only tribunal which could correct his error, as of right, is the Supreme Court which must entertain an appeal when the constitutional question is decided and injunctive relief is granted or denied. 28 U.S.C. § 1253.[6] Thus, the course followed by the district court in the instant case, in other circumstances,

---

6. Conceivably, the single-judge's decision of a non-constitutional question could be certified for an interlocutory appeal under 28 U.S.C. § 1292(b) before he requests that a three-judge court be convened, but certification is a discretionary act on the part of the district judge, even within the class of cases eligible for certification, and granting the right to appeal is discretionary with the Court of Appeals.

could well generate unnecessary appeals to the Supreme Court, as well as require unnecessary decisions by lower federal judges.

Given the obligation of a three-judge court to decide a case on non-constitutional grounds if they are dispositive and its right to remand non-constitutional grounds to a single judge for decision, we think the better practice is for the three-judge court to be designated and for it to decide whether to remand non-constitutional questions to a single judge or to address them as a three-judge court. While this procedure may not solve all of the problems posed, as, for example, where a three-judge court remands non-constitutional questions to a single judge and the non-participating judges are in disagreement with his decision, it will go far in holding them to a minimum. Certainly the three-judge court will be in a better position to weigh the disadvantages of potential increased caseload for the Supreme Court and potential need for unnecessary decision by the three-judge court of constitutional issues resulting from the possibility of a decision of a non-constitutional issue not in accord with the views of a majority of the three-judge court aginst the increased efficiency of initially remanding non-constitutional questions to a single judge, rather than to leave the resolution of these conflicting considerations to chance.

## II.

On its merits, we think that the district court correctly decided the instant case. It held that Virginia's policy of excluding unborn children in the AFDC program was in conflict with the Act, as interpreted by the Secretary, impliedly holding that that portion of HEW's interpretation which purportedly gave Virginia the option to decide that an unborn child may or may not be a beneficiary under the program invalid. We approve the reasons advanced for the

holding. We note that since the district court decided the instant case, the question presented has received like resolution in Carver v. Hooker, D.N.H., 369 F.Supp. 204 (1973); Whitfield v. Minter, D.Mass., 368 F.Supp. 798 (1973); Stuart v. Canary, N.D. Ohio, 367 F. Supp. 1343 (1973); Wisdom v. Norton, D.Conn., 372 F.Supp. 1190 (1974).

Affirmed.