Joyce **TAYLOR** and **Willie Huntley** on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Renee **HILL**, Director, Division of Social Services, North Carolina State Department of Human Resources, et al., Defendants.

**No. C–C–74–101.**

United States District Court, W. D. North Carolina, Charlotte Division.

June 10, 1974.

Richard H. Hart, Jr. and Donald S. Gillespie, Jr., Legal Aid Society of Mecklenburg County, Charlotte, N. C., for plaintiffs.

William F. O'Connell and William Woodward Webb, North Carolina Dept. of Justice, Raleigh, N. C., and William H. McNair, Charlotte, N. C., for defendants.

OPINION, ORDER AND PRELIMINARY INJUNCTION

. McMILLAN, District Judge.

This case was heard in Charlotte without a jury on May 30, 1974, upon petition of the plaintiffs for preliminary injunctive relief. Plaintiffs were represented by Messrs. Richard H. Hart and Donald S. Gillespie, Jr., and the Legal Aid Society of Mecklenburg County. Mr. William F. O'Connell, Assistant Attorney General of North Carolina, and Mr. William H. McNair, of Charlotte, represented the defendants.

Plaintiffs seek an order entitling them to benefits under the Social Security Act, and specifically under the Aid for Dependent Children provisions. From the verified complaint and from the affidavits, which are not opposed by any contradictory or countervailing evidence, the court finds the following facts:

. 1. Plaintiff Joyce Taylor when the complaint was filed on May 9, 1974 was in her seventh month of pregnancy. Plaintiff Willie Huntley on May 9, 1974 was pregnant, but has since given birth to a child.

2. Both plaintiffs are needy persons without sufficient resources or income to obtain the food, clothing, housing and basic necessities of life for themselves and their unborn children, and the children without outside aid will not be properly fed and cared for.

3. Both plaintiffs when the suit was filed were eligible for Aid for Dependent Children in every respect but for the fact that their children had not been born.

4. Plaintiffs applied to the defendants for Aid for Dependent Children. Willie Huntley applied to the Mecklenburg County Department of Social Services on April 2, 1974, and Joyce Taylor applied on April 23, 1974.

5. Both applications were denied solely because the dependent children had not yet been born, although each child was in existence *in ventre de sa mere.*

6. The pregnancy of each plaintiff has been medically determined.

7. Plaintiffs sue for themselves and for a class of persons similarly situated consisting of "plaintiffs and their unborn children and all women in North Carolina whose pregnancies have been medically determined and who have been or will be declared ineligible for Aid for Dependent Children benefits solely because of defendants' policy and regulations."

8. The regulation attacked is a North Carolina regulation which denies welfare aid to families with dependent children solely because the dependent child has not yet been born. See North Carolina Welfare Programs Manual, Volume II, § 2231(B)(2), and see North Carolina Division of Social Services, Income Maintenance, Aid for Dependent Children Manual, § 2361(II)(B). (Once a child is born the application is accepted, but applications are not accepted until the child is born.)

9. Plaintiffs contend that the policy of the defendants and the regulations are contrary to the equal protection of laws clause of the Fourteenth Amendment to the United States Constitution and that they are also contrary to the Social Security Act of 1935, as amended, 42 U.S.C. §§ 602(a)(10) and 606(a) and (b).

10. In this case each plaintiff went to apply for aid for a dependent child yet unborn, and was advised that such benefits would not be available and application would not be taken until after the child was born.

11. As is true in so many cases, although I started hearing this case in ignorance of the law and believing that the plaintiffs had no right to recovery, I discovered quite rapidly that I was wrong to start with, and that plaintiffs have a clear right to recovery which should have been recognized without the necessity for filing suit.

12. The matter is clear upon a straightforward application of Article 6 of the United States Constitution, Clause 2, which provides that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Ever since 1946 the federal regulations have authorized benefits to unborn children. North Carolina extends federally funded Aid for Dependent Children benefits to children after they are born but not before. Two and one-half months ago the Fourth Circuit Court of Appeals in Doe v. Lukhard, 493 F.2d 54 (4th Cir. 1974), held that the State of Virginia could not withhold Aid for Dependent Children benefits from unborn children, and that claims like this one should be decided in favor of the plaintiffs.

13. Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), affirmed the principle that the issue as presented here is one for a single judge rather than a three-judge court.

14. The State of North Carolina is bound by the law in the *Lukhard* and the *Hagans* cases.

15. Plaintiffs have a strong probability of ultimate success on the merits; they will suffer irreparable harm and injury without preliminary relief; and there is no adequate remedy at law. Furthermore, the relief should be immediate because of the recent decision of Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), which held that even where welfare benefits had been unlawfully withheld, a court should not order retroactive payment. The only way to do equity is to grant preliminary injunctive relief immediately.

16. Plaintiffs are defined as those who would be eligible for Aid for Dependent Children but for the policy of

the defendants and the regulation excluding unborn children from such aid. To enjoin defendants from enforcing the challenged policy and regulation will not add any numbers of cases to the caseload of the defendants, but will require that cases involving unborn children be processed earlier rather than awaiting the birth of the children.

Based upon the foregoing, it is therefore ordered:

A. That defendants, their agents, employees, successors in office, and those who work in concert with them, are hereby preliminarily enjoined and restrained from enforcing or implementing (1) their policy to deny Aid for Dependent Children to, or to refuse to accept applications for Aid for Dependent Children from women and their unborn children solely upon grounds that the child is not yet born and (2) their regulations, § 2231(B)(2) of Volume II of the Welfare Programs Manual and § 2361(II)(B) of the Division of Social Services, Income Maintenance, Aid for Dependent Children Manual. The defendant State Director of Social Services shall direct all County Social Services Departments in North Carolina to consider all unborn children as children for Aid for Dependent Children purposes as of the date pregnancy has been medically determined.

B. That the State defendant shall, within ten days of the receipt of an executed and filed copy of this order, forward a directive to all County Social Services Departments in North Carolina, directing them to comply with the provisions of this preliminary injunction.

C. That this preliminary injunction shall be in full force and effect until such time as this case may be heard and determined on the merits.

D. That defendants shall forthwith process the attempted application of plaintiff, Joyce Taylor, within the same time limits and in the same manner as if said plaintiff had not had to bring this civil action to challenge defendants' policy and regulation and to have same pre-liminarily enjoined. In other words, the applicable processing time limit began to run on April 23, 1974, and prompt processing is in order.

Defendants have requested extension of time to file answer or other responsive pleading. Good cause has been shown and attorneys for plaintiffs are not opposed to an extension. It is therefore ordered that all defendants in this case are hereby granted an extension of time to file answer or other responsive pleading up to and including July 1, 1974.