479 F.2d 646
 Jane DOE, Individually and on behalf of her minor child,
Jennifer, and on behalf of all others similarly
situated, Appellees,
v.
James N. GILLMAN, Commissioner, State of Iowa, Department of
Social Services, and Alva C. Edwards, Director of
Clayton County Department of Social
Services, Appellants.
 No. 72-1605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 16, 1973.
Decided June 6, 1973.
Rehearing Denied July 17, 1973.
 
 Lorna Lawhead Williams, Sp. Asst. Atty. Gen., Des Moines, Iowa, for appellants.
 David H. Correll, Waterloo, Iowa, for appellees.
 Before LAY and ROSS, Circuit Judges, and NICHOL,* District Judge.
 LAY, Circuit Judge.
 
 
 1
 Section 239.5 of the Iowa Code Ann. (1972) provides, inter alia:
 
 
 2
 "No payment for aid to dependent children shall be made unless and until the county board of social welfare, with the advice of the county attorney shall certify that the parent receiving the aid for the children is co-operating in legal actions and other efforts to obtain support money for said children from the persons legally responsible for said support."
 
 
 3
 The plaintiff brought this class suit individually and on behalf of her minor daughter and all others similarly situated challenging the Iowa law as being violative of the Social Security Act of 1935 and its regulations which provide aid to families with dependent children (AFDC). See 42 U.S.C. Secs. 601-610. Consistent with several decisions by three-judge courts[1] the district court found the quoted portion of Section 239.5 to be inconsistent with and in violation of federal law in that it imposes a requirement for eligibility in addition to need and dependency. The district court declared the statute, insofar as it requires cooperation in a support action for eligibility, void and unenforceable. The court further ordered the defendants to notify individuals previously denied AFDC benefits[2] under Section 239.5 that they are now eligible and to make retroactive payments.
 
 
 4
 The defendants have appealed and seek to justify their action on the ground that only the mother's AFDC benefits, not the child's, were eliminated. The state officials also seek to invoke the Eleventh Amendment to the Constitution of the United States as granting immunity to the state from liability for retroactive benefits. We hold the quoted portion of the Iowa statute wholly unenforceable and find it unnecessary in view of the Iowa regulations to pass on the immunity question.
 
 
 5
 The AFDC provisions of the Social Security Act envision aid to strengthen the entire family unit, including the dependent child's parent, so as to encourage the care of the child within his own home. See 42 U.S.C. Sec. 601. A procedure which directly or indirectly lessens the benefits flowing to the dependent child should not be approved. Woods v. Miller, 318 F.Supp. 510 (W.D.Pa.1970); Doe v. Harder, 310 F.Supp. 302 (D.Conn.1970), appeal dismissed, 399 U.S. 902, 90 S.Ct. 2202, 26 L.Ed.2d 557; cf. Doe v. Swank, 332 F. Supp. 61 (N.D.Ill.1971), aff'd sub nom., Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539; Taylor v. Martin, 330 F.Supp. 85 (N.D.Cal.1971), aff'd sub nom., Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364.[3]
 
 
 6
 The defendants urge a plea of sovereign immunity under the Eleventh Amendment. In Rothstein v. Wyman, 467 F.2d 226 (2 Cir. 1972), the Second Circuit ruled that retroactive payments were violations of the Eleventh Amendment, absent the state's consent, because they create a liability which must be met by public funds. Id. at 236-242. But see Jordan v. Weaver, 472 F.2d 985 (7 Cir. 1973) and McDonald v. Department of Public Welfare of the State of Florida, 430 F.2d 1268 (5 Cir. 1970).[4]
 
 
 7
 We should not decide constitutional questions unless they are imperative to our decision. Once the rights of these parties have been determined, we cannot presume that the Iowa officials will not follow their own designated procedure for awarding relief. Iowa regulations specifically provide for retroactive payments. Section 53.16(217) of the 1973 Iowa Departmental Rules governing fair hearings for public assistance programs reads in part:
 
 
 8
 "When the hearing decision is favorable to the claimant, or when the agency decides in favor of the claimant prior to the hearing, corrective payments, retroactive to the date of the incorrect action, shall be made." (Emphasis ours.)
 
 
 9
 The Iowa Department of Social Welfare Employees' Manual on Appeals and Fair Hearings, VI-13-2, states:
 
 
 10
 "When, as a result of complaint by an applicant or recipient, the county department determines that policy was misapplied in his case, or that a decision, action or payment was in error, corrective action shall be taken immediately. If assistance has been underpaid, the corrective action shall include retroactive payments to the date of the incorrect action. However, this shall not in any way abridge the right of the individual to appeal the erroneous action and have a hearing before a representative of the Department of Social Services if he so desires." (Emphasis ours.)
 
 
 11
 We can only assume that the defendants will follow their own regulations and retroactive payments will be made.[5] See Grubb v. Sterrett, 315 F.Supp. 990, 995-996 (N.D.Ind.1970), aff'd, 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182; cf. Francis v. Davidson, 340 F.Supp. 351, 371 (D.Md.1972), aff'd, 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168.
 
 
 12
 That portion of the district court's judgment relating to sovereign immunity is vacated, since we find it was unnecessary to decide; the judgment holding the last paragraph of Section 239.5 of the Iowa Code unenforceable and requiring defendants to send a notice of eligibility to those previously denied benefits is otherwise affirmed.
 
 ADDENDUM
 
 13
 After this case was submitted the Iowa Commissioner called our attention to the new proposed federal regulation which makes clear that AFDC payments may not be denied to the child but may be denied to the uncooperative caretaker relative. 37 Fed.Reg. 27637. This regulation is to take effect on July 2, 1973. It obviously has prospective effects only. We need make no comment here as to its validity vel non.
 
 
 
 *
 The Honorable Fred J. Nichol, Chief Judge of the United States District Court, District of South Dakota, sitting by designation
 
 
 [1]
 See Doe v. Swank, 332 F.Supp. 61 (N.D. Ill.1971), aff'd sub nom., Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539; Meyers v. Juras, 327 F.Supp. 759 (D.Ore.1971), aff'd, 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39; Taylor v. Martin, 330 F.Supp. 85 (N.D.Cal.1971), aff'd sub nom., Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364; Woods v. Miller, 318 F.Supp. 510 (W.D.Pa.1970); Doe v. Shapiro, 302 F.Supp. 761 (D. Conn.1969), appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970). See also 45 C.F.R. Sec. 235.70(a) (1972); Handbook of Public Assistance Administration, Part IV, Sec. 8120
 
 
 [2]
 The notice was to be confined to those individuals refused aid during the twoyear period immediately preceding September 1, 1972, the date of the district court decree
 
 
 [3]
 The state misconceives Lavine v. Shirley, 409 U.S. 1052, 93 S.Ct. 555, 34 L.Ed.2d 506 (1972), wherein the Supreme Court vacated the judgment of a three-judge federal district court which reached a similar conclusion as the district court here. It is contended that Lavine distinguishes the denial of aid to the child from denial of aid to the non-cooperative parent, condoning the latter. This is patently incorrect. In vacating the district court judgment the Supreme Court remanded the case to the district court to reconsider its decision in view of the fact that the New York social services law had been amended. In doing this the Supreme Court called attention to Diffenderfer v. Central Baptist Church, 404 U.S. 412, 92 S.Ct. 574, 30 L.Ed.2d 567 (1972). In Diffenderfer the Court observed:
 "We must review the judgment of the District Court in light of Florida law as it now stands, not as it stood when the judgment below was entered." Id. at 414, 92 S.Ct. at 575.
 The obvious thrust of the Supreme Court's decree related to the change in New York law, not to any disagreement with the three-judge court decision.
 The defendants also cite Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971), upholding the denial of benefits when home visits by welfare officers are refused; however, this inappropriate analogy is convincingly discarded in Taylor v. Martin, 330 F.Supp. at 89 n. 5, aff'd sub nom., Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364, and Meyers v. Juras, 327 F.Supp. at 762, aff'd, 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39.
 
 
 [4]
 The Fifth Circuit in McDonald relies on the Supreme Court's affirmance of a three-judge court in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969), aff'g, 270 F.Supp. 331 (D.Conn.1967), where retroactive relief was granted. The Supreme Court has affirmed numerous other Social Security cases awarding retroactive relief. See, e. g., Doe v. Swank, 332 F.Supp. 61 (N.D.Ill.1971), aff'd sub nom., Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539; Gilliard v. Craig, 331 F. Supp. 587 (W.D.N.C.1971), aff'd, 409 U.S. 807, 93 S.Ct. 39, 34 L.Ed.2d 66 (1972); Grubb v. Sterrett, 315 F.Supp. 990 (N.D.Ind.1970), aff'd, 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182; cf. Rivera v. Dunn, 329 F.Supp. 554 (D.Conn. 1971), aff'd, 404 U.S. 1054, 92 S.Ct. 742, 30 L.Ed.2d 743 (1972). The issue of retroactive relief has definitely been raised before the Supreme Court. See discussion in Jordan v. Weaver, supra at 472 F.2d 989-990. See also Alexander v. Weaver, 345 F.Supp. 666 (N.D.Ill. 1972). Cf. 45 C.F.R. Sec. 205.10(b)(2) (1972)
 
 
 [5]
 In Iowa all agency regulations must be scrutinized by the attorney general, a bipartisan legislative departmental rules review committee, and the appropriate committees of the legislature dealing with the subject matter. See Iowa Code Ann. ch. 17A (1972)