**Barbara WISDOM et al.**

v.

**Nicholas NORTON, Commissioner of Welfare, State of Connecticut and Vincent B. Capuano, Director of Eligibility Services of the Connecticut State Welfare Department.**

Civ. No. 15906.

United States District Court,
D. Connecticut.

Jan. 3, 1974.

Marilyn Kaplan Katz, Bridgeport Legal Services, Inc., Bridgeport, Conn., Diane Schneiderman, New Haven Legal Assistance Assoc., New Haven, Conn., for plaintiffs.

Francis J. MacGregor, Edward F. Pasiecznik, Asst. Attys. Gen., Hartford, Conn., for defendants.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

The plaintiffs instituted this civil rights class action, pursuant to the provisions of 42 U.S.C. § 1983, seeking declaratory and injunctiive relief against the policy of the Connecticut Department of Welfare which denies Aid to Families with Dependent Children (AFDC) benefits to pregnant mothers and their unborn children. Jurisdiction of the cause is conferred by 28 U.S.C. § 1343(3) and (4), and by 28 U.S.C. § 2201.

Following oral arguments of counsel on November 16, 1973, this Court issued a temporary restraining order, enjoining defendants from refusing to provide AFDC benefits to the three named plaintiffs and their unborn children. At the evidentiary hearing on the plaintiffs' application for a preliminary injunction, held on December 7, 1973, the Court consolidated the motion for an injunction with the trial on the merits under Rule 65(a)(2), F.R.Civ.P., heard the testimony of six witnesses, found that the prerequisites to a valid class action had been met pursuant to Rule 23(a) and (b)(2), F.R.Civ.P., dissolved the temporary restraining order, and set a schedule for the filing of briefs. It was further agreed that if the Court ruled that the plaintiffs were entitled to relief, the appropriate form of relief and the defendants' motion for a stay would be determined at a subsequent hearing.

It is undisputed that the plaintiff class of pregnant women meet all the eligibility requirements for AFDC assistance, but due to state policy they are denied benefits until the birth of their children. Uncontroverted medical testimony also established that proper nutrition and medical attention during pregnancy are important to protect the mother's health, which in turn affects the development and health of the child.

The plaintiffs contend that the state's denial of benefits conflicts with the eligibility provisions of the Social Security Act, 42 U.S.C. § 606(a), and thus is invalid under the Supremacy Clause. Alternatively, they assert that the state's policy violates their rights under the Equal Protection Clause of the Constitution. The defendants, on the other hand, argue that the word "child" in the context of § 606(a) of the Act contemplates only a "person between birth and puberty", and that the plaintiffs lack standing to sue under the Fourteenth Amendment.

In 1935 Congress enacted the Social Security Act which, among other things, established the AFDC program as a federal grant-in-aid project concerned with the fundamental needs of economically deprived and dependent children. The Act provides in relevant part that AFDC benefits shall be awarded to a

needy "dependent child" who "has been deprived of paternal support or care by reason of . . . continued absence from the home . . . of a parent." 42 U.S.C. § 606(a). However, the Act is silent on the question of aid to the unborn. The plaintiffs claim the term "dependent child" encompasses an unborn child and that since a pregnant woman is eligible under the federal statute, the State of Connecticut cannot pursue a more restrictive eligibility requirement without violating the Supremacy Clause. Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

At least nine district courts have considered the identical issue presented to this Court. Seven have held that a state policy which withholds AFDC assistance to an eligible pregnant mother until the child is born is inconsistent with the Act and therefore invalid under the Supremacy Clause. See Green v. Stanton, 364 F.Supp. 123 (N.D.Ind.1973); Doe v. Lukhard, 363 F.Supp. 823 (E.D.Va. 1973); Harris v. Mississippi State Dept. of Public Welfare, 363 F.Supp. 1293 (N. D.Miss.1973); Alcala v. Burns, 362 F. Supp. 180 (S.D.Iowa 1973); Wilson v. Weaver, 358 F.Supp. 1147 (N.D.Ill. 1972); Jones v. Graham, Civ. No. 73–L235 (D.Neb. September 5, 1973); Tillman v. Endsley, Civ. No. 73–1476 (S.D. Fla. October 1, 1973).

■ This Court finds the reasoning of these cases to be persuasive. No useful purpose will be served, however, by reviewing or reiterating the comprehensive discussions of the case authorities, historical analyses, statutory law, applicable regulations of the Department of Health, Education and Welfare, and comments of the distinguished jurists who so ably ruled in the aforementioned cases. It is sufficient for purposes here merely to summarize the reasons adopted by this Court which impel a similar result:

■ 1. The definition of "child" includes a "fetus", an "unborn human being", and an "unborn infant."

■ 2. The medical evidence clearly indicated that inclusion of the unborn child as a "dependent child" is consistent with the purposes of the Act.

3. No credible argument can be advanced that Congress intended to exclude an unborn child from coverage of the Act. An unborn child is not any less "needy" or "dependent" than a child who has been born.

4. HEW regulations have permitted payments to unborn children; the optional features of the administrative regulations, however, are violative of the provisions of the Act.

5. Both houses of the 92nd Congress proposed amendments to the Act which would have excluded unborn children, but the amendments were not enacted.

■ 6. In the absence of express congressional authorization, a state policy that excludes persons eligible for assistance under federal standards is in conflict with the Act and is invalid under the Supremacy Clause.

Two district courts have sustained a state's policy decision to exclude an unborn child from the benefits of its AFDC program. Parks v. Hardin, 354 F.Supp. 620 (N.D.Ga.1973); Murrow v. Clifford, Civ. No. 114–73 (D.N.J. June 12, 1973). With deference, and for the reasons stated by Chief Judge Hanson in Alcala v. Burns, supra, 362 F.Supp. at 185–186, this Court declines to follow the rulings in *Parks* and *Murrow*. See also Tillman v. Endsley, supra.

Accordingly, judgment for the plaintiffs may enter; settle order on notice, at which time the Court will also hear the defendants' Motion To Stay.