494 F.2d 743
 Linda ALCALA, Individually and on behalf of all other
persons similarly situated, Appellee,
v.
Kevin J. BURNS, Individually and in his capacity as Acting
Commissioner of theState of Iowa Department of Social
Services; and Michael Ryan, Individually andin his capacity
as Director of the Scott County Department of Social
Services,Appellants.
Jane DOE and Joan Roe, Appellees,
v.
Kevin J. BURNS, Individually and in his capacity as Acting
Commissioner of theState of Iowa Department of Social
Services; and Michael Ryan, Individually andin his capacity
as Director of the Scott County Department of Social
Services,Appellants.
 No. 73-1595.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 15, 1974.
Decided March 29, 1974.
 
 Lorna Lawhead Williams, Spec. Atty. Gen., Des Moines, Iowa, for appellants.
 Robert Bartels, College of Law, The University of Iowa, Iowa City, Iowa, for appellees.
 Robert S. Catz, Washington, D.C., Terrence J. Ferguson, Patrick A. Parenteau, Omaha, Neb., amicus curiae.
 Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH[1] Senior District Judge.
 MATTHES, Senior Circuit Judge.
 
 
 1
 This appeal presents the question, much litigated in the district courts recently, whether an unborn child is a 'dependent child' within the meaning of 406(a) of the Social Security Act, 42 U.S.C. 606(a), thus entitling the expectant mother to receive Aid to Families with Dependent Children (AFDC).
 
 
 2
 Defendants-appellants, Kevin J. Burns, Acting Commissioner of the State of Iowa Department of Social Services, and Michael Ryan, Director of the Scott County Department of Social Services, acting pursuant to their interpretation of the Employees Manual of the Iowa Department of Social Services, denied such assistance to plaintiffs-appellees, who at the time of application were pregnant and who admittedly would become eligible for benefits once their children were born. Upon denial of benefits, plaintiffs brought this class action in the United States District Court for the Southern District of Iowa charging that defendants' actions violated the Equal Protection and Due Process Clauses of the United States Constitution, and, because inconsistent with 406(a) of the Social Security Act, 42 U.S.C. 606(a), also violated the Supremacy Clause. Plaintiffs sought declaratory and injunctive relief, and monetary damages for assistance wrongfully withheld.
 
 
 3
 Following a hearing, the district court filed findings of fact and conclusions of law. Alcala v. Burns, 362 F.Supp. 180 (S.D.Iowa 1973). Formal judgment was entered adjudging invalid defendants' denial of AFDC payments to plaintiffs and permanently enjoining defendants from further denying AFDC payments to pregnant women who are otherwise qualified for such payments. Defendants have appealed.
 
 I.
 
 4
 As a preliminary matter, we wish to clarify the basis for jurisdiction in the district court, although no question as to jurisdiction has been raised by the parties on appeal. See United States v. Redstone, 488 F.2d 300, 301 (8th Cir. 1973); Williams v. Rogers, 449 F.2d 513, 517 (8th Cir. 1971), cert. denied, 405 U.S. 926, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972). As was the case in Doe v. Lukhard, 493 F.2d 54 (4th Cir. 1974), to our knowledge the initial circuit case to decide the 'unborn child' question, plaintiffs here alleged a colorable claim of denial of equal protection within the scope of 1983 and its jurisdictional counterpart, 1343(3), and, accordingly, the district court possessed pendent jurisdiction of the Supremacy Clause claim. Further, whether or not a three-judge court would have been required to determine the constitutionality of defendants' interpretation of the welfare manual, see Doe v. Lukhard, supra at n. 4, a three-judge court is clearly not required to determine whether that interpretation conflicts with the Social Security Act. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).
 
 II.
 
 5
 The Social Security Act requires that 'aid to families with dependent children * * * be furnished * * * to all eligible individuals * * *.' 42 U.S.C. 602(a) (10).
 
 
 6
 A triad of Supreme Court cases 'establishes that, at least in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause.' Townsend v. Swank, 404 U.S. 282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971). See King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); Carleson v. Remillard, 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972).
 
 
 7
 If the King, Townsend and Remillard cases are to govern, it must first be determined that unborn children are 'eligible,' that is, that they are 'dependent children' within the protection of the Act. On this point the courts have differed. Three district courts have ruled that an unborn child is not a 'dependent child.' Mixon v. Keller, 372 F.Supp. 51 (M.D.Fla.1974); Murrow v. Clifford, Civ.No.114-73 (D.N.J., June 12, 1973); Parks v. Harden, 354 F.Supp. 620 (N.D.Ga.1973) (appeal pending Fifth Circuit). One circuit court and twelve district courts, including the court below, have decided that an unborn child is a 'dependent child.' Doe v. Lukhard, supra, aff'g 363 F.Supp. 823 (E.D.Va.1973); Wisdom v. Norton, 372 F.Supp. 1190 (D.Conn.1974); Stuart v. Canary, 367 F.Supp. 1343 (N.D.Ohio 1973); Whitfield v. Minter, 368 F.Supp. 798 (D.Mass.1973); Carver v. Hooker, 369 F.Supp. 204 (D.N.H.1973); Tapia v. Vowell, Civ.No.73-B-169 (S.D.Tex., Nov. 14, 1973) (preliminary injunction granted pending decision of Parks v. Harden by the Fifth Circuit); Tillman v. Endsley, No. 73-1476-Civ-CF (S.D.Fla., Oct. 1, 1973) (preliminary injunction); Jones v. Graham, Civ.No.73-L-235 (D.Neb., Sept. 5, 1973); Green v. Stanton, 364 F.Supp. 123 (N.D.Ind.1973); Harris v. Mississippi State Dept. of Public Welfare, 363 F.Supp. 1293 (N.D.Miss.1973); Alcala v. Burns, supra; Wilson v. Weaver, 358 F.Supp. 1147 (N.D.Ill.1972). Courts on both sides of the question have looked to the plain meaning of the word 'child' and reached opposite results. The Act itself and the legislative history are unhelpful. Of some note are the Department of Health, Education and Welfare (HEW) regulations implementing the Act which provide: 'Federal financial participation is available in: * * * (ii) Payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis * * *.' 45 C.F.R. 233.90(c)(2). The regulations further provide: 'Federal financial participation * * * is available in any expenses incurred in establishing eligibility for AFDC, including expenses incident to obtaining necessary information to determine the existence of * * * pregnancy of a mother.' 45 C.F.R. 233.90(c)(3). HEW, however, takes the position that these regulations merely extend an option to the state of including unborn children within its plan and do not mandate such coverage. In fact, as of 1971, 18 states and the District of Columbia furnished AFDC benefits to unborn children, while 34 states and Puerto Rico did not. Brief for HEW as Amicus Curiae, Appendix B, Murrow v. Clifford, supra.
 
 
 8
 We seriously question the right of HEW, as opposed to the unquestioned right of Congress, to decide what benefits are optional. Clearly Congress possesses, and has exercised in the past, the power to give individual states an option to exclude children eligible under the federal standards. See Townsend v. Swank, supra, 404 U.S. at 287-289 and n. 5, 92 S.Ct. 502. But there is no indication that Congress has so acted with respect to unborn children.
 
 
 9
 We ask, as did the district court, from whence can HEW have derived the authority to bestow benefits, albeit supposedly optional benefits, upon unborn children if not from the eligibility provisions of the Social Security Act? We are inclined, in this respect, to accord substantial weight to HEW's understanding, implicit in the regulations, that unborn, children are eligible. On the other hand, we are not permitted to defer to the agency's practice of making benefits to eligible persons optional. Townsend v. Swank, supra at 286, 92 S.Ct. 502.
 
 
 10
 We believe that the district court correctly concluded that the term 'dependent child' is broad enough to encompass an unborn child and that such coverage is consistent with the purposes of the Social Security Act. The King, Townsend and Remillard cases, then, determine that defendants' interpretation of the welfare manual, denying benefits to unborn children and their mothers, violates the Supremacy Clause and is invalid.
 
 III.
 
 11
 Although granting declaratory and injunctive relief, the district court refused to order retroactive payment of benefits, citing our case of Doe v. Gillman, 479 F.2d 646, 649 (8th Cir. 1973), petition for cert. filed sub nom. Burns v. Doe, 42 U.S.L.W. 3205 (U.S. Nov. 5, 1973) (No. 73-406), which avoided deciding whether the Eleventh Amendment prohibits retroactive payments by presuming that the Iowa welfare officials would follow their own regulations which, in the court's view, provided for retroactive payments. Now appellants request this court to decide directly the Eleventh Amendment question. We have already done so in Anderson v. Graham, 492 F.2d 986 (8th Cir. 1973), holding that 'the Eleventh Amendment deprives the federal court of jurisdiction to award a money judgment against the State for * * * retroactive (AFDC) payments * * *.'
 
 
 12
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Hon. Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation